IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| NELLIE BROWNLEE, ET AL. | | PLAINTIFFS |
| v. | No. 2:99CV00212 GH | |
| COOPER TIRE & RUBBER COMPANY | | DEFENDANT |
| | | |
| DONALD W. WHITAKER | | PLAINTIFF |
| v. | No. 2:99CV00220 GH | |
| COOPER TIRE & RUBBER COMPANY | | DEFENDANT |

**ORDER**

On January 10th, John Booth Farese filed a motion for leave to intervene on the basis that he is a defendant in the case pending in the Northern District of Mississippi, Northern Division, captioned Cooper Tire & Rubber Company v. Farese, et al., 3:02CV210, involving events that occurred during the course of this consolidated lawsuit and the disbursement of money that was received by these plaintiffs in settlement of the above-captioned action. He notes that the Court has previously permitted Bruce Kaster, a former counsel for the plaintiffs here and a co-defendant in the Mississippi action, to intervene and obtain the release of certain sealed records here for limited use in the Mississippi lawsuit and has also granted a request by defendant here to unseal records as well.

In his incorporated petition to unseal records, Farese requests the Court to permit the amount of the settlement from under seal, subject to the Mississippi court's protective order, to be released to

him for limited use in the Mississippi litigation. The motion and releases from the plaintiffs here reflect that they have agreed to the release of the information requested.

On January 24th, defendant filed a combined opposition to the motion for leave to intervene and to unseal records. It asserts that Farese's motion is moot as the Mississippi case was dismissed with prejudice pursuant to that court's summary judgment ruling on January 9th and, that while it has filed a writ of mandamus seeking relief from that ruling, the motion should be denied on the merits as Farese has no standing and the continued confidentiality of the amount of the settlement was an essential part of the consideration for the settlement agreement as a whole. Defendant contends that Farese is basically asking this Court to void the settlement agreement, but it is unlikely that the plaintiffs who signed the affidavit supporting his motion would want to invalidate the whole agreement and return the settlement funds that were paid to them years ago. It continues that the Mississippi defendants have violated the orders of this Court and the Mississippi court by failing to file under seal documents that this Court had permitted to be unsealed for limited use in the Mississippi litigation pursuant to that court's protective order. Defendant further argues that the amount of the confidential settlement agreement is irrelevant to the fact that Farese received $50,000 for his involvement in the creation and release of the Barnett affidavit.

In light of the January 9th grant of summary judgment in favor of the defendants in the Mississippi litigation, the Court agrees with defendant here that Farese's motion is moot.

Accordingly, Farese's January 10th motion (#543) for leave to intervene and to unseal records for limited purpose is hereby denied due to mootness.

IT IS SO ORDERED this 31st day of January, 2007.

                                         /s/ George Howard, Jr.
                                         UNITED STATES DISTRICT JUDGE