IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| NELLIE BROWNLEE, ET AL. | PLAINTIFFS |
| VS.   CAUSE NO. 2:99CV00212 GH | |
| COOPER TIRE & RUBBER COMPANY | DEFENDANT |
| DONALD W. WHITAKER | PLAINTIFF |
| VS.   CAUSE NO. 2:99CV00220 GH | |
| COOPER TIRE & RUBBER COMPANY | DEFENDANT |
| VS. | |
| ESTATE OF SCHARLOTTE A. HERVEY | THIRD-PARTY DEFENDANT |

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

**NOW INTO COURT**, through undersigned counsel, comes Cooper Tire & Rubber Company ("Cooper Tire"), and respectfully requests that this Court enter an order finding that co-counsel for plaintiffs in the captioned matter, Bruce V. Kaster ("Kaster"), violated prior Orders of this court and holding Kaster in contempt of court for failing to honor this Court's explicit Seal Orders, which were subsequently adopted by the United States District Court for the Northern District of Mississippi, Western Division, in the matter entitled *Cooper Tire & Rubber Co. v. John Booth Farese, et al.*, 3:02cv210-P-A. (the "Mississippi Case").

In support of its motion, Cooper Tire represents the following:

1. Kaster served as co-counsel for the plaintiffs in this action against Cooper Tire. In 2002, during the course of this proceeding, this Court placed under seal the affidavit and deposition of Cathy Barnett, a former Cooper Tire employee, and also sealed documents

and transcripts that made reference to Barnett and her disclosures. (See Docket Nos. 357, 542). Subsequent to those rulings, all further pleadings relating to Barnett and her information were filed under seal. In 2002, Kaster and his co-counsel sought to unseal Barnett's deposition and affidavit, but this Court denied the motion. See Docket No. 290, Order denying Motion to Unseal. The documents have remained under seal to this day.

2. Cooper Tire filed suit against Kaster and his law firm and John Booth Farese, the attorney for Cathy Barnett (and his law firm), for interference with Cooper Tire's contract with Barnett, interference with business relations, and civil conspiracy as a result of their misuse of Cathy Barnett's information and disclosure of that information outside the litigation arena.

3. On December 11, 2003, in the Mississippi Case, Judge Davis issued an order permitting Kaster to utilize the sealed documents in the Mississippi Case provided that they were filed under seal and utilized only for purposes of his defense, stating that the documents, "if and when permitted by that Court to be released from seal for the purposes of this litigation, shall remain under seal in this litigation until further order of this court." Order, December 11, 2003, attached hereto as Exhibit "1" (emphasis added).

4. On March 11, 2004, this Court granted the parties in the Mississippi Case permission to utilize specific sealed documents in the Mississippi Case, provided that those documents were filed under seal in compliance with the Mississippi Court's December 11, 2003 Order. See Docket No. 529.

5. Subsequently, on June 22, 2004, this Court issued a similar order declaring the sealed items in this case to be unsealed only for use in the Mississippi Case and in accordance with the Mississippi Court's December 11, 2003 order. See Docket No. 540. The Court

reminded the parties, however; "Needless to say, the Court expects all parties to adhere to this ruling of limited use as well as the December 11th agreement and order in the Mississippi action." *Id.*, p. 4.

6. For the past 2 ½ years, Cooper Tire has taken every effort to comply with both Courts' orders and to maintain the confidential nature of these documents. On April 2, 2004, Cooper Tire produced sealed documents to Kaster and the Farese defendants' counsel with the express understanding that the seal would be maintained. *See* April 2, 2004 letter attached hereto as Exhibit "2."

7. Kaster was and is well aware that these documents are under seal. Indeed, in a letter dated September 12, 2006, Kaster's counsel, Frank Thackston acknowledged that the *Whitaker* documents remain under seal, and affirmatively represented that Kaster would abide by that order. *See* September 12, 2006 letter attached hereto as Exhibit "3."

8. On November 20, 2006, the Mississippi Court entered an order reaffirming that the *Whitaker* documents were under seal and continue to be under seal, stating that its December 11, 2003 order is "clear." See Order attached hereto as Exhibit "4."

9. In spite of the express orders of two different courts, and in spite of Kaster's counsel's representation to Cooper Tire, Kaster intentionally and willfully violated the orders of this Court and the Mississippi Court by failing to file previously-sealed *Whitaker* documents under seal when he filed them as exhibits to his November 14, 2006 Motion for Summary Judgment in the Mississippi Case. See Mississippi Court Docket Sheet, attached hereto as Exhibit "5." The exhibits that are explicitly under seal by both courts include:

   1. Kaster Exhibit 11: 2002 Cathy Barnett deposition
   2. Kaster Exhibit 13: 2002 Sheila Hall deposition

3.

4. Kaster Exhibit 27: Defendant's Motion for Protective Order
5. Kaster Exhibit 32: Plaintiffs' Joint Motion for Sanctions
6. Kaster Exhibit 33: Plaintiffs' Joint Motion to Unseal
7. Kaster Exhibit 35: Whitaker Settlement Agreement
8. Kaster Exhibit 36: Transcript of proceedings before Judge Howard on May 24, 2002 with attached sealed transcript of May 16 and 17, 2002 hearing

Several other exhibits contain direct references to sealed documents or information, including:

1. Kaster Exhibit 1: 2006 Deposition of Greg Meyers; pages 21, 24, and 39
2. Kaster Exhibit 12: 2006 Deposition of Sheila Hall; pages 21, 30-31, 36, and 106[1]
3. Kaster Exhibit 14: 2003 Deposition of John Booth Farese; page 67

10. On December 6, 2006, counsel for Cooper Tire discussed with Kaster's counsel the failure to comply with the seal order, and, in follow-up to that conversation, on December 13, 2006, Cooper Tire faxed Kaster's counsel a letter listing the documents that should have been filed under seal and insisting that action be taken. See Letter attached hereto as Exhibit "6."

11. Kaster's counsel failed to take any action to ensure that the integrity of the seal was maintained, and failed to place the documents under seal even after express notification of the violation of the Courts' seal orders.

12. It is no accident that Kaster failed to file these documents under seal. Indeed, he engaged in remarkably similar activity in the captioned case.

13. When Kaster refused to correct his violation of the seal Order of this Court and the Mississippi Court, Cooper Tire filed a motion in the Mississippi Court seeking to seal the documents and for sanctions. Kaster filed a response, in which he admitted failing to file the documents under seal and without making any effort to correct the error. See

---

[1] Page 106 is obviously part of Sheila Hall's 2002 deposition, which is under seal. In addition to the aforementioned changes, "Kaster Exhibit 12" should also be amended to genuinely reflect the testimony that was given at that time.

Opposition, attached hereto as Exhibit "7."

14. On January 9, 2007, the Mississippi Court granted summary judgment in favor of defendants and dismissed and closed the case without addressing Cooper Tire's motion and without directing the Clerk of Court to place the documents under seal. See Order attached hereto as Exhibit "8."

15. After the Mississippi Court dismissed and closed the case, a defendant in the Mississippi Case, John Booth Farese, filed a Motion to Intervene in the captioned matter and to release from seal the amount of the settlement reached in this matter. See Docket No. 543. (Interestingly, Farese appeared in this matter through attorney Margaret Dobson, Kaster's co-counsel in the captioned matter). On January 31, 2007, this Court denied the motion as moot. See Docket No. 548.

16. In order to maintain the seal order of this Court, Cooper Tire filed a Petition for Writ of Mandamus with the Fifth Circuit Court of Appeal. However, on January 31, 2007, the Fifth Circuit denied the petition, finding that Cooper Tire could seek relief in the appellate court if the district court failed to rule on the motion prior to Cooper Tire's appeal. See Order attached hereto as Exhibit "9."

17. On February 2, 2007, the district court denied Cooper Tire's Motion to Place Under Seal and for Sanctions. A copy of the Order is attached hereto as Exhibit "10." Although Cooper Tire intends to appeal that ruling, which it believes to be erroneous and logically inconsistent, in the interim, Kaster has done nothing to ensure that the integrity of the seal is maintained.

18. Cooper Tire respectfully requests an Order of this Court declaring that Kaster breached this Court's prior Orders by failing to file documents under seal in the Mississippi

litigation, holding Kaster in contempt of Court, and awarding appropriate sanctions for Kaster's violation of this Court's express orders. In addition, Cooper Tire requests that Kaster be ordered to cure his contempt of Court by taking the appropriate action to withdraw the exhibits from the record, place them under seal, refrain from disseminating sealed documents to the public, and otherwise ensure that the seal order is maintained. Finally, Cooper Tire respectfully submits that sanctions should include all costs and attorneys' fees associated with this motion and Cooper Tire's additional efforts undertaken in the Mississippi Court to enforce compliance with this Court's Orders.

WHEREFORE, plaintiff Cooper Tire & Rubber Company respectfully prays that its motion for sanctions be granted, for its costs herein incurred, and for all other proper relief to which it is entitled.

/s/Michael P. Vanderford, Bar No. 93086
E-mail: vanderford@amhfirm.net
**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2470
Little Rock, Arkansas 72201
(501)372-1887
Attorney for Cooper Tire & Rubber Co.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served upon:

Guthrie T. Abbott
Attorney at Law
2335 St. Andrews Circle
Oxford, MS 38655

Roy D. Campbell, III
Bradley Arant Rose & White, LLP
PO Box 1789
Jackson, MS 39215-1789

Ralph E. Chapman
Chapman, Lewis & Swan
PO Box 428
Clarksdale, MS 38614-0428

Randall A. Smith
Smith & Fawer, LLC
201 S. Charles Ave., Suite 3702
New Orleans, LA 70170

Grady F. Tollison, Jr.
Tollison Law Firm, PA
PO Box 1216
Oxford, MS 38655-1216

Paul V. Cassisa, Jr.
Bernard, Cassisa & Elliott
PO Box 1138
Oxford, MS 38655

Hiawatha Northington
Northington Chambers & Gaylor, PLLC
PO Box 1003
Jackson, MS 39215-1003

Frank S. Thackston, Jr.
Lake Tindall, LLP
PO Box 918
Greenville, MS 38702-0918

Jess L. Askew, III
Williams & Anderson, PLLC
111 Center Street, Suite 2200
Little Rock, AR 72201-2413

John Paul Byrd
Hare, Wynn, Newell & Newton
LR Metropolitan National Plaza
4220 N. Rodney Parham, Suite 250
Little Rock, AR 72212

Kirkman T. Dougherty
Hardin, Jesson & Terry
PO Box 10127
Fort Smith, AR 72903-0127

Brian Stacy Miller
Martin, Tate, Morrow & Marston, PC
6410 Poplar Ave., Suite 1000
Memphis, TN 38119

Elliott Dion Wilson
Wilson Law Firm, PA
Wilson, Valley & Etherly Office Building
423 Rightor Street, Suite 1
Helena, AR 72342

David A. Dial
Weinberg, Wheeler, Hudgins,
 Gunn & Dial
Atlanta Plaza
950 East Paces Ferry Rd., Suite 3000
Atlanta, GA 30326

W. Wray Eckl
Drew, Eckl & Farnham
PO Box 7660
Atlanta, GA 30357-7600

Parker Sanders Huckabee
Huckabee Law Firm
PO Box 1323
Cabot, AR 72023-1323

Bruce R. Kaster
Bruce R. Kaster, PA
PO Box 100
Ocala, FL 34478-0100

Nancy A. Noall
Walter & Haverfield, LLP
Terminal Tower
50 Public Square, Suite 1300
Cleveland, OH 44113-2253

James F. Swindoll
Law Offices of James F. Swindoll
212 Center Street, Suite 300
Little Rock, AR 72202

by first class mail this 6th day of February, 2007.

/s/Michael P. Vanderford, Bar No. 93086
E-mail: vanderford@amhfirm.net
**ANDERSON, MURPHY & HOPKINS, L.L.P.**
400 West Capitol Avenue, Suite 2470
Little Rock, Arkansas 72201
(501)372-1887
Attorney for Cooper Tire & Rubber Co.