IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**NELLIE BROWNLEE, et al.**
**and DONALD W. WHITAKER**                                                    **PLAINTIFFS**

**v.**                              **2:99-CV-00212-WRW**
                                    **2:99-CV-00220-WRW**

**COOPER TIRE & RUBBER COMPANY**                                              **DEFENDANTS**

### ORDER

Pending is Petitioner John Booth Farese's Motion to Intervene (Doc. No. 560). Defendant has responded and Petitioner has replied.[1]

**I.    BACKGROUND**

Petitioner is a defendant in a lawsuit currently pending in the Northern District of Mississippi.[2] In that case, Cooper Tire brings claims against Petitioner, Bruce Kaster (who was the Plaintiff's attorney in this case), and others for interference with a contract, interference with business relations, and civil conspiracy. The suit involves events that occurred during this case and the post-settlement distribution of the settlement funds from this case. Specifically, Cooper alleges that Bruce Kaster paid Petitioner $50,000 from the settlement funds of this case "in recognition of [Petitioner's] assistance in procuring Barnett's[3] affidavit."[4]

---

[1] Doc. Nos. 561, 564.

[2] *Cooper Tire & Rubber Co. v. Farese, et al.*, No. 3:02-CV-210-SA-JAD (N.D. Miss. filed Dec. 31, 2002).

[3] Cathy Barnett was a former Cooper Tires employee.

[4] Doc. No. 561.

1

This case settled on May 24, 2002,[5] and the settlement amount and terms are subject to a confidentiality agreement between the parties.

Because of the pending litigation in Mississippi, on February 11, 2004, Cooper Tire filed a Motion to Unseal Records for A Limited Purpose.[6]  In the motion, Cooper Tire listed specific documents it thought should be unsealed for use in the Mississippi case.  Judge Howard granted the motion.[7]  On March 19, 2004, Bruce Kaster filed a Motion for Reconsideration, which asked that the court reconsider the order granting Cooper Tire's "selective release of records."[8]  Kaster asserted that all records from this case should be unsealed, rather than just those selected by Cooper Tire.  Judge Howard agreed and on June 22, 2004, he entered an order, which reads:

> All motions, memorandum, briefs, orders, pleadings, hearing transcripts, documents, depositions, exhibits, and discovery in this case are to be unsealed from the record of this case for limited use by Kaster and Cooper Tire in the case of *Cooper Tire & Rubber Company v. Farese, et al.*, 3:02CV210, pending in the Northern District of Mississippi, Northern Division, in accordance with the Confidentiality Agreement and Protective Order which was signed by the Mississippi court on December 11, 2003.[9]

Petitioner asserts that he should be permitted to intervene in this case so that he may unseal the settlement amount and use it in his defense in the Mississippi case.  Petitioner asserts that "[w]hether the money received was a large part or a nominal part of a party's share of the settlement is relevant to the motivation which Cooper Tire wants to attach to the gift of the money."[10]

---

[5]Doc. No. 508.

[6]Doc. No. 526.

[7]Doc. No. 529.

[8]Doc. No. 531.

[9]Doc. No. 540.

[10]Doc. No. 560.

## II.     DISCUSSION

It seems to me that Judge Howard's June 22, 2004 Order should be modified. The order unsealed all documents in this case for use by "Kaster and Cooper Tire in the case of *Cooper Tire & Rubber Company v. Farese, et al.*, 3:02CV210, pending in the Northern District of Mississippi, Northern Division."[11] This ruling was a bit too narrow.

Accordingly, the June 22, 2004 Order[12] is modified to permit the limited use of these documents to *all parties* in the Mississippi case, rather than just Kaster and Cooper Tire. Additionally, although not specifically stated in the order, I believe that the settlement agreement, and its terms, was included in Judge Howard's ruling that "[a]ll motions, memorandum, briefs, orders, pleadings, hearing transcripts, documents, depositions, exhibits, and discovery." All other conditions in the June 22, 2004 Order remain the same.

## CONCLUSION

Based on the findings of fact and conclusions of law above, the June 22, 2004 Order is modified and Petitioner John Booth Farese's Motion to Intervene (Doc. No. 560) is DENIED as MOOT.

IT IS SO ORDERED this 22nd day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[11] Doc. No. 540.

[12] Doc. No. 540.

3